

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| Law Offices of Scott J. Goldstein, LLC<br>280 West Main Street<br>Denville, NJ 07834<br>Tel: 973-453-2838<br>Fax: 973-453-2869<br>sjg@sgoldsteinlaw.com<br>Scott J. Goldstein (016472004)<br>Counsel for Debtors | Order Filed on August 31, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br>James Lucas and Barbara Lucas | Case No.: 16-32586<br>Chapter: 11<br>Adv. No.: _____<br>Hearing Date: 8/29/2017 ~~6/27/2017~~<br>Judge: Vincent F. Papalia |

### INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

The relief set forth on the following pages, numbered two (2) through nine (9) is hereby ORDERED.

**DATED: August 31, 2017**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

This matter is before the Court on the motion of James and Barbara Lucas (the "Debtors") for authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. Section 363(c)(2)(B). Notice of the motion together with notice of the preliminary hearing thereon has been given and served by the Debtor to the (1) the United States Trustee, (2) the Debtor's secured creditors, (3) any committee appointed under Section 1102 if one has been appointed, and if not, to the twenty (20) largest unsecured creditors on the Rule 1007(d) list. The Court considered the motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

    A.    Notice and Hearing. Notice of the motion and order shortening time pursuant to D.N.J. LBR 9013-1(e) and Federal Rule of Bankruptcy Procedure 9006( c) for the preliminary hearing on the Debtor's use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), [or if by Consent, under Federal Rule of Bankruptcy Procedure 4001(d)] which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

    B.    Chapter 11 Filed. Debtor filed its petition under Chapter 11 of the Bankruptcy Code on 11/28/2016 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

    C.    Pre-Petition Debt. The following creditors have asserted claims against the property of the debtors as follows(the "Pre-Petition Debt") as of the Petition Date:

        i.    Wilmington Savings Trust/Shellpoint Mortgage – 280 Clinton Place – Current Principal Balance - $270,763.16

        ii.    Ocwen Loan Servicing  - 298 Clinton Place - $335,045.62

D. Pre-Petition Collateral. The Secured Creditor has made a prima facie showing that it has a properly perfected lien on the Debtor's property (including proceeds) at the commencement of the case, including the Debtor's accounts, inventory and other collateral which is or may result in cash collateral.

E. Cash Collateral. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Section 9-306.

F. Necessity and Best Interest. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its affairs in Chapter 11. The Debtor requires immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amount of rents received between June 9, 2017 and the date of the final hearing, as set forth in the budget of Schedule J annexed hereto.

G. Purposes. The Debtor is authorized to use cash collateral to meet the ordinary cash needs of the Debtor (and for such other purposes as may be approved in writing by the

Secured Creditor) for the payment of actual expenses of the Debtor necessary to (a) pay the mortgage to the lender, (b) maintain and preserve its assets, and (c) continue operation of its business, including general living expenses as reflected in the cash collateral budget.

The Court having determined there is a reasonable likelihood that the Debtor will prevail upon the merits at the final hearing of the Motion as required by Section 363(c)(3) of the Bankruptcy Code, and for good cause shown, it is

ORDERED as follows:

1. Use of Cash Collateral. The Secured Creditor consents and the Debtor is authorized, for the periods and in accordance with the cash collateral budget attached hereto as Exhibit A, to use cash collateral up to the aggregate amount of all rents received for the properties described in Rider A annexed hereto for the following purposes:

   a. maintenance and preservation of its assets by paying the proposed adequate protection payments in lieu of the contractual mortgage
   b. the continued operation of its business, including but not limited to maintenance and preservation of properties:
   c. the completion of work-in-process
   d. As this is a personal Chapter 11, general living expenses.

2. Adequate Protection. As adequate protection for use of cash collateral, the Secured Creditor is GRANTED:

   a. Replacement Lien. A replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Secured Creditor's cash collateral is used by the Debtor, to the extent and with the same priority in the Debtor's post-petition

collateral, and proceeds thereof, that the Secured Creditor held in the Debtor's pre-petition collateral. Nothing in this Order shall impair the debtors' right to subsequently modify any liens in accordance with the provisions of the Bankruptcy Code.

    b.  Statutory Rights Under Section 507(b). To the extent the adequate protection provided for hereby proves insufficient to protect the Secured Creditor's interest in and to the cash collateral, the Secured Creditor shall have a superpriority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding.

    c.  Deemed Perfected. The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Secured Creditor taking possession, filing financing statements, mortgages or other documents. Although not required, upon request by the Secured Creditor, Debtor shall execute and deliver to the Secured Creditor any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Secured Creditor to be necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Order, and the Secured Creditor is authorized to receive, file and record the foregoing at the Secured Creditor's own expense, which actions shall not be deemed a violation of the automatic stay.

    d.  Periodic Accountings. The debtors shall provide counsel for the Secured Creditors with copies of each monthly operating report until the Plan is Confirmed, which shall constitute adequate monthly accountings of the debtors' income and disbursements

    e.  Default Hearing.  In the event Debtor defaults or violates this Order, the Secured Creditor is entitled to request a hearing within fourteen (14) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours).

    f.  Immediately upon the entry hereof, the debtor shall commence making adequate protection payments to the Secured Creditors as follows:

**ADEQUATE PROTECTION PAYMENTS**

| Property Address | Principal and Interest (30 years – 5%) | Tax and Insurance Escrow | Total |
|---|---|---|---|
|  |  |  |  |
| 280 Clinton Place | 590.50 | 1512.76 | 2103.26 |
| 298 Clinton Place | 488.51 | 978.03 | 1466.54 |
| Totals |  |  | 3569.80 |

    3.  Creditor's Rights of Inspection and Audit.  Upon reasonable notice by the Secured Creditor, Debtor shall permit such creditor and any of its agents reasonable and free access to the Debtor's records and place of business during normal business hours to verify the existence, condition and location of collateral in which said creditor holds a security interest and to audit Debtor's cash receipts and disbursements.

    4.  Interlocutory Order and No Modification of Creditor's Adequate Protection.  This is an interlocutory order.  Nothing contained herein shall be deemed or construed to (a) limit the Secured Creditor to the relief granted herein: (b) bar the Secured Creditor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same: or ( c) require the Secured Creditor to make any further loans or advances to the Debtor.  The Order may be modified for cause shown by the Debtor, the

Secured Creditor or any other party-in-interest on due notice. No such modification, however, shalldeprive the Secured Creditor of its interest in Debtor's property (pre-petition and post-petition).

     5. 30 day Default. If the debtors-in-possession shall default in any adequate protection payment hereunder by more than 30 days, then the secured creditor may seek relief from the automatic stay on Certification of Default.

## FINAL HEARING ORDER

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before the **19th of September, 2017**, 10 am , a written objection and shall appear to advocate said objection at a Final Hearing to be held at 10:00 am.on the 26th day September 2017 in Courtroom 3B of the United States Bankruptcy Court, Newark, New Jersey. In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

## NOTICE ORDER

IT IS FURTHER ORDERED that the Debtor serve a copy of this Order and Notice by first class mail within one (1) business day from the date hereof, on (1) the United States Trustee, (2) the District Director of the Internal Revenue Service, (3) the New Jersey Division of Taxation, (4) all known secured creditors and (5) counsel to any committee appointed under Section 1102 of the Bankruptcy Code, if one has been appointed and if not, to Debtor's twenty (20) largest Rule 1007(d) unsecured creditors.  Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.

*rev.12/1/09*

9

# EXHIBIT A

Fill in this information to identify your case:

Debtor 1: **James Walter Lucas**

Debtor 2: **Barbara Jean Lucas**
(Spouse, if filing)

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY, NEWARK DIVISION

Case number: 2:16-bk-32586
(If known)

Check if this is:

■ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

# Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   |  | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|
   | Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
   | Occupation | | |
   | Employer's name | | |
   | Employer's address | | |
   | How long employed there? | | |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. $ 0.00 | $ 0.00 |

Debtor 1 / Debtor 2: **Lucas, James Walter & Lucas, Barbara Jean**    Case number (*if known*): 2:16-bk-32586

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---:|---:|
| 4. | Copy line 4 here | 4. | $ 0.00 | $ 0.00 |
| 5. | **List all payroll deductions:** | | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. | Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. | Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 0.00 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 0.00 |
| 8. | **List all other income regularly received:** | | | |
| 8a. | Net income from rental property and from operating a business, profession, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 2,090.00 | $ 3,961.00 |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. | Social Security | 8e. | $ 1,061.00 | $ 1,355.00 |
| 8f. | Other government assistance that you regularly receive. Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ 0.00 |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| 8h. | Other monthly income. Specify: **290 Lyons Ave** | 8h.+ | $ 2,500.00 + | $ 0.00 |
| | **298-300 Clinton Rent** | | $ 1,700.00 | $ 0.00 |
| | **280 Clinton Rent** | | $ 1,200.00 | $ 0.00 |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 8,551.00 | $ 5,316.00 |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 8,551.00 + $ 5,316.00 | = $ 13,867.00 |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____    11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data*, if it applies    12. $ 13,867.00
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
■ Yes. Explain: **Debtors have 3 units that are currently vacant. The Debtors anticipate renting same within the next 3 months.**

Official Form 106I    Schedule I: Your Income    page 2

Fill in this information to identify your case:

Debtor 1: **James Walter Lucas**

Debtor 2: **Barbara Jean Lucas**
(Spouse, if filing)

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY, NEWARK DIVISION

Case number: **2:16-bk-32586**
(If known)

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J
# Schedule J: Your Expenses
12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.
   ☑ Yes. **Does Debtor 2 live in a separate household?**

   ☑ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**  ☑ No

   Do not list Debtor 1 and Debtor 2.    ☐ Yes    Fill out this information for each dependent..............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No
   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ **1,826.00**

   **If not included in line 4:**

   4a. Real estate taxes    4a. $ **0.00**
   4b. Property, homeowner's, or renter's insurance    4b. $ **0.00**
   4c. Home maintenance, repair, and upkeep expenses    4c. $ **100.00**
   4d. Homeowner's association or condominium dues    4d. $ **0.00**
5. **Additional mortgage payments for your residence,** such as home equity loans    5. $ **0.00**

Debtor 1
Debtor 2  **Lucas, James Walter & Lucas, Barbara Jean**                    Case number (if known)  **2:16-bk-32586**

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ **250.00**
   - 6b. Water, sewer, garbage collection — 6b. $ **70.00**
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ **250.00**
   - 6d. Other. Specify: — 6d. $ **0.00**
7. **Food and housekeeping supplies** — 7. $ **600.00**
8. **Childcare and children's education costs** — 8. $ **0.00**
9. **Clothing, laundry, and dry cleaning** — 9. $ **150.00**
10. **Personal care products and services** — 10. $ **30.00**
11. **Medical and dental expenses** — 11. $ **60.00**
12. **Transportation.** Include gas, maintenance, bus or train fare.
    Do not include car payments. — 12. $ **400.00**
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ **0.00**
14. **Charitable contributions and religious donations** — 14. $ **50.00**
15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ **120.00**
    - 15b. Health insurance — 15b. $ **0.00**
    - 15c. Vehicle insurance — 15c. $ **270.00**
    - 15d. Other insurance. Specify: — 15d. $ **0.00**
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify: — 16. $ **0.00**
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ **399.00**
    - 17b. Car payments for Vehicle 2 — 17b. $ **0.00**
    - 17c. Other. Specify: — 17c. $ **0.00**
    - 17d. Other. Specify: — 17d. $ **0.00**
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $ **0.00**
19. **Other payments you make to support others who do not live with you.**
    Specify: — 19. $ **0.00**
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property — 20a. $ **1,514.01**
    - 20b. Real estate taxes — 20b. $ **3,990.79**
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ **0.00**
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ **0.00**
    - 20e. Homeowner's association or condominium dues — 20e. $ **0.00**
21. **Other:** Specify: — 21. +$ **0.00**

22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ **10,079.80**
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ **10,079.80**

23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ **13,867.00**
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ **10,079.80**
    - 23c. Subtract your monthly expenses from your monthly income.
      The result is your *monthly net income*. — 23c. $ **3,787.20**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    
    ■ No.
    ☐ Yes.    Explain here:

# CURRENT RENTS

## BARBARA AND JAMES LUCAS

### 280 CLINTON STREET

$1200.00 – Commercial Space

### 290 CLINTON STREET

$700.00

$550.00

$450.00

### 290 LYONS AVENUE

$2500.00 – Commercial Lease

280 Clinton Street
Amortization

# LOAN AMORTIZATION SCHEDULE

| ENTER VALUES | |
|---|---|
| Loan amount | $110,000.00 |
| Annual interest rate | 5.00% |
| Loan period in years | 30 |
| Number of payments per year | 12 |
| Start date of loan | 7/1/2017 |
| Optional extra payments | $0.00 |

| LOAN SUMMARY | | | |
|---|---|---|---|
| Scheduled payment | $590.50 | Escrow | 1512.76 |
| Scheduled number of payments | 360 | Total | $2,103.26 |
| Actual number of payments | 360 | | |
| Total early payments | $0.00 | | |
| Total interest | $102,581.36 | | |
| LENDER NAME | Shellpoint Mortgage | | |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 7/1/2017 | $110,000.00 | $590.50 | $0.00 | $590.50 | $132.17 | $458.33 | $109,867.83 | $458.33 |
| 2 | 8/1/2017 | $109,867.83 | $590.50 | $0.00 | $590.50 | $132.72 | $457.78 | $109,735.11 | $916.12 |
| 3 | 9/1/2017 | $109,735.11 | $590.50 | $0.00 | $590.50 | $133.27 | $457.23 | $109,601.83 | $1,373.35 |
| 4 | 10/1/2017 | $109,601.83 | $590.50 | $0.00 | $590.50 | $133.83 | $456.67 | $109,468.00 | $1,830.02 |
| 5 | 11/1/2017 | $109,468.00 | $590.50 | $0.00 | $590.50 | $134.39 | $456.12 | $109,333.62 | $2,286.14 |
| 6 | 12/1/2017 | $109,333.62 | $590.50 | $0.00 | $590.50 | $134.95 | $455.56 | $109,198.67 | $2,741.69 |
| 7 | 1/1/2018 | $109,198.67 | $590.50 | $0.00 | $590.50 | $135.51 | $454.99 | $109,063.16 | $3,196.69 |
| 8 | 2/1/2018 | $109,063.16 | $590.50 | $0.00 | $590.50 | $136.07 | $454.43 | $108,927.09 | $3,651.12 |
| 9 | 3/1/2018 | $108,927.09 | $590.50 | $0.00 | $590.50 | $136.64 | $453.86 | $108,790.45 | $4,104.98 |
| 10 | 4/1/2018 | $108,790.45 | $590.50 | $0.00 | $590.50 | $137.21 | $453.29 | $108,653.24 | $4,558.27 |
| 11 | 5/1/2018 | $108,653.24 | $590.50 | $0.00 | $590.50 | $137.78 | $452.72 | $108,515.45 | $5,011.00 |
| 12 | 6/1/2018 | $108,515.45 | $590.50 | $0.00 | $590.50 | $138.36 | $452.15 | $108,377.10 | $5,463.14 |
| 13 | 7/1/2018 | $108,377.10 | $590.50 | $0.00 | $590.50 | $138.93 | $451.57 | $108,238.17 | $5,914.71 |
| 14 | 8/1/2018 | $108,238.17 | $590.50 | $0.00 | $590.50 | $139.51 | $450.99 | $108,098.65 | $6,365.71 |
| 15 | 9/1/2018 | $108,098.65 | $590.50 | $0.00 | $590.50 | $140.09 | $450.41 | $107,958.56 | $6,816.12 |
| 16 | 10/1/2018 | $107,958.56 | $590.50 | $0.00 | $590.50 | $140.68 | $449.83 | $107,817.88 | $7,265.95 |
| 17 | 11/1/2018 | $107,817.88 | $590.50 | $0.00 | $590.50 | $141.26 | $449.24 | $107,676.62 | $7,715.19 |
| 18 | 12/1/2018 | $107,676.62 | $590.50 | $0.00 | $590.50 | $141.85 | $448.65 | $107,534.77 | $8,163.84 |
| 19 | 1/1/2019 | $107,534.77 | $590.50 | $0.00 | $590.50 | $142.44 | $448.06 | $107,392.33 | $8,611.90 |
| 20 | 2/1/2019 | $107,392.33 | $590.50 | $0.00 | $590.50 | $143.04 | $447.47 | $107,249.29 | $9,059.37 |
| 21 | 3/1/2019 | $107,249.29 | $590.50 | $0.00 | $590.50 | $143.63 | $446.87 | $107,105.66 | $9,506.24 |
| 22 | 4/1/2019 | $107,105.66 | $590.50 | $0.00 | $590.50 | $144.23 | $446.27 | $106,961.43 | $9,952.51 |
| 23 | 5/1/2019 | $106,961.43 | $590.50 | $0.00 | $590.50 | $144.83 | $445.67 | $106,816.60 | $10,398.19 |
| 24 | 6/1/2019 | $106,816.60 | $590.50 | $0.00 | $590.50 | $145.43 | $445.07 | $106,671.17 | $10,843.26 |
| 25 | 7/1/2019 | $106,671.17 | $590.50 | $0.00 | $590.50 | $146.04 | $444.46 | $106,525.12 | $11,287.72 |
| 26 | 8/1/2019 | $106,525.12 | $590.50 | $0.00 | $590.50 | $146.65 | $443.85 | $106,378.48 | $11,731.57 |
| 27 | 9/1/2019 | $106,378.48 | $590.50 | $0.00 | $590.50 | $147.26 | $443.24 | $106,231.22 | $12,174.82 |
| 28 | 10/1/2019 | $106,231.22 | $590.50 | $0.00 | $590.50 | $147.87 | $442.63 | $106,083.34 | $12,617.45 |
| 29 | 11/1/2019 | $106,083.34 | $590.50 | $0.00 | $590.50 | $148.49 | $442.01 | $105,934.85 | $13,059.46 |
| 30 | 12/1/2019 | $105,934.85 | $590.50 | $0.00 | $590.50 | $149.11 | $441.40 | $105,785.74 | $13,500.86 |
| 31 | 1/1/2020 | $105,785.74 | $590.50 | $0.00 | $590.50 | $149.73 | $440.77 | $105,636.01 | $13,941.63 |
| 32 | 2/1/2020 | $105,636.01 | $590.50 | $0.00 | $590.50 | $150.35 | $440.15 | $105,485.66 | $14,381.78 |
| 33 | 3/1/2020 | $105,485.66 | $590.50 | $0.00 | $590.50 | $150.98 | $439.52 | $105,334.68 | $14,821.30 |
| 34 | 4/1/2020 | $105,334.68 | $590.50 | $0.00 | $590.50 | $151.61 | $438.89 | $105,183.07 | $15,260.20 |
| 35 | 5/1/2020 | $105,183.07 | $590.50 | $0.00 | $590.50 | $152.24 | $438.26 | $105,030.83 | $15,698.46 |
| 36 | 6/1/2020 | $105,030.83 | $590.50 | $0.00 | $590.50 | $152.88 | $437.63 | $104,877.95 | $16,136.09 |
| 37 | 7/1/2020 | $104,877.95 | $590.50 | $0.00 | $590.50 | $153.51 | $436.99 | $104,724.44 | $16,573.08 |

# LOAN AMORTIZATION SCHEDULE

298 Clinton Street
Amortization

### ENTER VALUES

| | |
|---|---:|
| Loan amount | $91,000.00 |
| Annual interest rate | 5.00% |
| Loan period in years | 30 |
| Number of payments per year | 12 |
| Start date of loan | 7/1/2017 |
| Optional extra payments | $ - |

### LOAN SUMMARY

| | | | |
|---|---:|---|---:|
| Scheduled payment | $488.51 | | |
| Scheduled number of payments | 360 | Escrow | 978.03 |
| Actual number of payments | 360 | Total | $1,466.54 |
| Total early payments | $17,300.00 | | |
| Total interest | $248,196.12 | | |

**LENDER NAME**  Ocwen Loan Servicing

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | SCHEDULED PAYMENT | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 7/1/2017 | $91,000.00 | $488.51 | $0.00 | $488.51 | $109.34 | $379.17 | $90,890.66 | $379.17 |
| 2 | 8/1/2017 | $90,890.66 | $488.51 | $0.00 | $488.51 | $109.80 | $378.71 | $90,780.86 | $757.88 |
| 3 | 9/1/2017 | $90,780.86 | $488.51 | $0.00 | $488.51 | $110.25 | $378.25 | $90,670.61 | $1,136.13 |
| 4 | 10/1/2017 | $90,670.61 | $488.51 | $0.00 | $488.51 | $110.71 | $377.79 | $90,559.89 | $1,513.93 |
| 5 | 11/1/2017 | $90,559.89 | $488.51 | $0.00 | $488.51 | $111.17 | $377.33 | $90,448.72 | $1,891.26 |
| 6 | 12/1/2017 | $90,448.72 | $488.51 | $0.00 | $488.51 | $111.64 | $376.87 | $90,337.08 | $2,268.13 |
| 7 | 1/1/2018 | $90,337.08 | $488.51 | $0.00 | $488.51 | $112.10 | $376.40 | $90,224.98 | $2,644.53 |
| 8 | 2/1/2018 | $90,224.98 | $488.51 | $0.00 | $488.51 | $112.57 | $375.94 | $90,112.41 | $3,020.47 |
| 9 | 3/1/2018 | $90,112.41 | $488.51 | $0.00 | $488.51 | $113.04 | $375.47 | $89,999.37 | $3,395.94 |
| 10 | 4/1/2018 | $89,999.37 | $488.51 | $0.00 | $488.51 | $113.51 | $375.00 | $89,885.86 | $3,770.94 |
| 11 | 5/1/2018 | $89,885.86 | $488.51 | $0.00 | $488.51 | $113.98 | $374.52 | $89,771.88 | $4,145.46 |
| 12 | 6/1/2018 | $89,771.88 | $488.51 | $0.00 | $488.51 | $114.46 | $374.05 | $89,657.42 | $4,519.51 |
| 13 | 7/1/2018 | $89,657.42 | $488.51 | $0.00 | $488.51 | $114.94 | $373.57 | $89,542.48 | $4,893.08 |
| 14 | 8/1/2018 | $89,542.48 | $488.51 | $0.00 | $488.51 | $115.41 | $373.09 | $89,427.07 | $5,266.18 |
| 15 | 9/1/2018 | $89,427.07 | $488.51 | $0.00 | $488.51 | $115.89 | $372.61 | $89,311.17 | $5,638.79 |
| 16 | 10/1/2018 | $89,311.17 | $488.51 | $0.00 | $488.51 | $116.38 | $372.13 | $89,194.80 | $6,010.92 |
| 17 | 11/1/2018 | $89,194.80 | $488.51 | $0.00 | $488.51 | $116.86 | $371.64 | $89,077.93 | $6,382.56 |
| 18 | 12/1/2018 | $89,077.93 | $488.51 | $0.00 | $488.51 | $117.35 | $371.16 | $88,960.58 | $6,753.72 |
| 19 | 1/1/2019 | $88,960.58 | $488.51 | $0.00 | $488.51 | $117.84 | $370.67 | $88,842.74 | $7,124.39 |
| 20 | 2/1/2019 | $88,842.74 | $488.51 | $0.00 | $488.51 | $118.33 | $370.18 | $88,724.42 | $7,494.57 |
| 21 | 3/1/2019 | $88,724.42 | $488.51 | $0.00 | $488.51 | $118.82 | $369.69 | $88,605.59 | $7,864.25 |
| 22 | 4/1/2019 | $88,605.59 | $488.51 | $0.00 | $488.51 | $119.32 | $369.19 | $88,486.27 | $8,233.44 |
| 23 | 5/1/2019 | $88,486.27 | $488.51 | $0.00 | $488.51 | $119.81 | $368.69 | $88,366.46 | $8,602.14 |
| 24 | 6/1/2019 | $88,366.46 | $488.51 | $0.00 | $488.51 | $120.31 | $368.19 | $88,246.15 | $8,970.33 |
| 25 | 7/1/2019 | $88,246.15 | $488.51 | $0.00 | $488.51 | $120.82 | $367.69 | $88,125.33 | $9,338.02 |
| 26 | 8/1/2019 | $88,125.33 | $488.51 | $0.00 | $488.51 | $121.32 | $367.19 | $88,004.01 | $9,705.21 |
| 27 | 9/1/2019 | $88,004.01 | $488.51 | $0.00 | $488.51 | $121.82 | $366.68 | $87,882.19 | $10,071.89 |
| 28 | 10/1/2019 | $87,882.19 | $488.51 | $0.00 | $488.51 | $122.33 | $366.18 | $87,759.86 | $10,438.07 |
| 29 | 11/1/2019 | $87,759.86 | $488.51 | $0.00 | $488.51 | $122.84 | $365.67 | $87,637.01 | $10,803.74 |
| 30 | 12/1/2019 | $87,637.01 | $488.51 | $0.00 | $488.51 | $123.35 | $365.15 | $87,513.66 | $11,168.89 |
| 31 | 1/1/2020 | $87,513.66 | $488.51 | $0.00 | $488.51 | $123.87 | $364.64 | $87,389.79 | $11,533.53 |

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 16-32586-VFP
James Walter Lucas                                                      Chapter 11
Barbara Jean Lucas
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-2           User: admin              Page 1 of 1               Date Rcvd: Aug 31, 2017
                               Form ID: pdf903          Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 02, 2017.
db/jdb         James Walter Lucas,   Barbara Jean Lucas,   884 Sanford Ave,   Irvington, NJ   07111-1510
aty           +Law Offices of Scott J. Goldstein, LLC,   280 West Main Street,   Denville, NJ 07834-1233

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2017                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 31, 2017 at the address(es) listed below:
              Betsy Ann Rosenbloom    on behalf of Creditor    Bayview Loan Servicing, LLC
               brosenbloom@wcmolaw.com
              Denise E. Carlon    on behalf of Creditor    Ditech Financial LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              John R. Morton, Jr.    on behalf of Creditor    CAB East LLC, serviced by Ford Motor Credit Company
               LLC ecfmail@mortoncraig.com,   mortoncraigecf@gmail.com;mhazlett@mortoncraig.com
              Justin  Plean    on behalf of Creditor    DEUTSCHE BANK NATIONAL TRUST COMPANY jplean@rasflaw.com,
               bkyecf@rasflaw.com;ras@ecf.courtdrive.com
              Justin  Plean    on behalf of Creditor    The Bank of New York Mellon Trust Company
               jplean@rasflaw.com,   bkyecf@rasflaw.com;ras@ecf.courtdrive.com
              Laura M. Egerman    on behalf of Creditor    Ditech Financial LLC bkyecf@rasflaw.com,
               bkyecf@rasflaw.com;legerman@rasnj.com
              Miriam  Rosenblatt    on behalf of Creditor    Ocwen Loan Servicing, LLC bkyecf@rasflaw.com,
               mrosenblatt@rasflaw.com
              Scott J. Goldstein    on behalf of Debtor James Walter Lucas sjg@sgoldsteinlaw.com,
               cmecf.sgoldsteinlaw@gmail.com;notices@uprightlaw.com;G31979@notify.cincompass.com
              Scott J. Goldstein    on behalf of Joint Debtor Barbara Jean Lucas sjg@sgoldsteinlaw.com,
               cmecf.sgoldsteinlaw@gmail.com;notices@uprightlaw.com;G31979@notify.cincompass.com
              Steven P. Kelly    on behalf of Creditor    Wilmington Savings Fund Society, Et Al...
               skelly@sterneisenberg.com,   bkecf@sterneisenberg.com
              U.S. Trustee.    USTPRegion03.NE.ECF@usdoj.gov
              William M. E. Powers, III    on behalf of Creditor    Bayview Loan Servicing, LLC ecf@powerskirn.com
              William M.E. Powers    on behalf of Creditor    Bayview Loan Servicing, LLC ecf@powerskirn.com
              William M.E. Powers, III    on behalf of Creditor    Bayview Loan Servicing, LLC ecf@powerskirn.com
                                                                                               TOTAL: 14