UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

James Lucas and  Barbara Lucas,

                                        Debtor.

Case No. 16-32586

Hon. Vincent F. Papalia, U.S.B.J.

Chapter 11

## INDIVIDUAL DEBTOR'S CHAPTER 11 COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

This Combined Plan of Reorganization and Disclosure Statement is presented to you to inform  you of the proposed Plan for restructuring the debt of James and Barbara Lucas, and to seek  your vote to accept the Plan.

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan.  To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU  MAY OBJECT TO THE ADEQUACY OF THE DISCLOSURES MADE IN THIS DOCUMENT,  OR YOU MAY OBJECT TO THE TERMS OF THE PROPOSED PLAN.  IF YOU WISH TO  OBJECT TO THE ADEQUACY OF THE DISCLOSURES OR TO THE TERMS OF THE PROPOSED PLAN, YOU MUST DO SO BY _____.

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE  RETURNED BY _____.  THE BALLOT MUST BE MAILED TO THE FOLLOWING  ADDRESS: Law Offices of Scott J. Goldstein, LLC 280 West Main Street, Denville, NJ 07834**

**A HEARING ON THE CONFIRMATION OF THE PLAN IS SCHEDULED FOR _____, IN COURTROOM NO. 3E AT THE US Bankruptcy Court, District of New Jersey 50 Walnut Street, Newark NJ 07102,**

Your rights may be affected by this Combined Plan and Disclosure Statement.  You should consider discussing this document with an attorney.

Dated:  March 21, 2018

SCOTT J GOLDSTEIN
280 West Main Street
Denville, NJ 07834
(973) 453-2838
sjg@sgoldsteinlaw.com

**TABLE OF CONTENTS**

# Contents

TABLE OF CONTENTS ....................................................................................................2

SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS ......................................3

ARTICLE 1 BACKGROUND OF THE DEBTOR. ...........................................................3

1.2.    All Sources of the Debtor's Income. ........................................................3

1.3.    Past, Current and Projected Income and Expenses........................................3

1.2.    Debtor's Assets. .....................................................................................5

1.3.    Debtor's Liabilities. ...............................................................................5

1.4.    Other Relevant Financial Data. ...............................................................5

1.5.    Events Leading to the Filing of the Bankruptcy Case. ...............................5

1.6.    Significant Events During the Bankruptcy Case. .......................................6

1.7.    Projected Recovery of Avoidable Transfers................................................6

ARTICLE 2 THE PLAN..................................................................................................7

2.1.    Unclassified Claims................................................................................7

2.2.    Classes of Claims. ..................................................................................10

5.    Other.........................................................................................................11

2.3.    Estimated Number and Amount of Claims Objections..................................15

2.4.    Treatment of Executory Contracts and Unexpired Leases. ...........................15

2.5.    Means for Implementation of the Plan. .....................................................16

2.6.    Disbursing Agent....................................................................................18

2.7    Tax Consequences of Plan ......................................................................18

Creditors Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors..................................................18

2.8.    Risk Factors/Mitigating Factors. .............................................................18

ARTICLE 3 FEASIBILITY OF PLAN. .............................................................................18

3.1.    Ability to Initially Fund Plan....................................................................18

3.2.    Ability to Make Future Plan Payments Without Further Reorganization. ..........18

You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections. ..................................................................19

ARTICLE 5 DISCHARGE. .............................................................................................19

ARTICLE 6 GENERAL PROVISIONS. ...........................................................................19

6.2.    Binding Effect. ......................................................................................19

6.3.    Severability............................................................................................20

6.4.    Retention of Jurisdiction by the Bankruptcy Court.......................................20

6.5.    Captions. ...............................................................................................20

6.6.    Modification of Plan................................................................................20

6.7.    Final Decree. ...................................................................................................................20

6.8.    Material Default Defined. ................................................................................................20

ARTICLE 7  ATTACHMENTS. ..................................................................................................21

ARTICLE 8  FREQUENTLY ASKED QUESTIONS. ................................................................21

What Is Necessary to Confirm a Plan of Reorganization [or Liquidation]? ................................19

ARTICLE 9  DEFINITIONS. .......................................................................................................20

Cash on hand on the Effective Date ............................................................................................24

Liquidation Analysis ....................................................................................................................25

   Plan Proponent's Estimated Liquidation Value of Assets ........................................................25

   Total Assets at Liquidation Value    $........................................................................................25

Less: ............................................................................................................................................25

Less: ............................................................................................................................................25

Less: ............................................................................................................................................25

   Receive Or Retain in a Chapter 7 Liquidation: .......................................................................25

## SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS

This is a post-chapter 7 filing of a Chapter 11 case, converted to a case under Chapter 11 of the Bankruptcy Code.

### ARTICLE 1  BACKGROUND OF THE DEBTOR.

**1.1.    Filing of the Debtor's Chapter 11 Case.**

On November 28, 2016, the Debtors filed a voluntary petition for relief under the Bankruptcy Code under Chapter 13.  On June 9, 2017, this Court granted a motion to convert the case to one under Chapter 11.  The Chapter 11 case is pending in the Bankruptcy Court in Newark, New Jersey.

**1.2.    All Sources of the Debtor's Income.**

The debtors are both social security beneficiaries.  Mrs. Lucas is a realtor and broker, and receives commissions from the sale of properties marketed by her company, Worldwide Realty, LLC.  Mr. Lucas has a company known as Worldwide Construction and receives income from jobs he contracts.  The Lucases further receive rent from their tenants in various properties.

**1.3.    Past, Current and Projected Income and Expenses**.

A.    Past Income.

2016:  $131,000.00

2015:  $92,000.00

   B.      Current Income.

Schedules I & J reflecting current income and expenses are attached.  Summarized below.

| | |
|---|---|
| Total Net Monthly Income: | $ 13,678.00 |
| Total Monthly Expense: | $ 10,079.81 |

   C.      Projected Income and Expenses.

The projected income and expenses are the same as the current, based on present business conditions and rental of the debtors' rental units.

     D.     Where the Debtor is/was self-employed, or has/had an interest in a business in the last two years, provide the following information:

1. Worldwide Realty, LLC
2. Real Estate broker
3. LLC
4. 100% (Barbara Lucas)

1. Worldwide Construction, LLC
2. Construction/Handyman
3. LLC
4. 100% (James Lucas).

Attach copies of the balance sheets, income statements and cash flow statements for the business for the two years preceding the bankruptcy filing.

**1.2.  Debtor's Assets.**

The debtors own 5 units of real property:
884 Sanford Ave, Irvington, NJ (primary residence)
889 Sanford Ave, Irvington, NJ (location of Mrs. Lucas's business)
280-282 Clinton Plane, Newark, NJ (investment property)
298-300 Clinton Place, Newark, NJ (investment property)
290 Lyons Ave, Newark, NJ (Investment property)

The debtors further have various personal property of de minimis value

**1.3.  Debtor's Liabilities.**

The debtors' total liabilities at the time of filing are $1,460,962.51.

**1.4.  Other Relevant Financial Data.**

N/A

**1.5.  Events Leading to the Filing of the Bankruptcy Case.**

The history of these debtors in bankruptcy court is long.  In prior years, the Debtors had successfully conducted their separate businesses and were able to invest in properties.  They used the properties as sources of revenue and equity as they purchased other properties.

Over time, as the economy declined, Mr. Lucas's oil company became unprofitable. Business continued to deteriorate resulting in the sale of Buddy and Sons Fuel Co. Inc. in October 2010. Mrs. Lucas's business also suffered from the economic downturn. The real estate market collapsed resulting in a significant decrease in income as sales and their resultant commissions

decreased. The secured loan obligations stayed the same or increased due to tax increases and maintenance as their income continued to fall making it impossible to fulfill their financial obligations.

The debtors first filed on February 10, 2012, under case no. 12-13360.  That was a Chapter 11 case converted to Chapter 7.  That case was successfully discharged.

The debtors then filed under Chapter 13, case No. 14-32750 on November 7, 2017.  That case was later dismissed.

The debtors then filed under Chapter 13, case no. 16-18507.  That case was dismissed.

Since the first filing, the Debtors have modified several secured obligations and gave up several properties that were revenue negative, so that they could rehabilitate the remaining properties to financially manageable states.

**1.6.**    **Significant Events During the Bankruptcy Case.**

This matter was converted from Chapter 13.  There are no significant events as of yet.

**1.7.**    **Projected Recovery of Avoidable Transfers**

The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

## ARTICLE 2 <u>THE PLAN.</u>

The Debtor's Plan must describe how her Creditors will be paid. Certain Claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment. For example, Administrative Expenses and Priority Tax Claims are not classified.

As required by the Code, the Plan places Claims in various classes and describes the treatment each class will receive. The Plan also states whether each class of Claims is impaired or unimpaired. A Claim can be impaired if the Plan alters the legal, equitable or contractual rights to which the holder of the Claim is otherwise entitled. If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan.          A class that is not impaired is deemed to accept the Plan.

### 2.1.    <u>Unclassified Claims.</u>

Certain types of Claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses and Priority Tax Claims are not classified. They are not considered impaired, and holders of such Claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan does not place the following Claims in any class:

A.    Administrative Expenses

The Debtor must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed

upon by the Debtor and the Administrative Claimant.  If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1.      If the Debtor makes any purchases or obtains any services following her filing of the Chapter 11 Case, Creditors are entitled to be paid in full for the goods or services provided.  This debt incurred by the Debtor after the Petition Date will be paid on an ongoing basis in accordance with the ordinary practices and terms between the Debtor and her Creditors.

2.      If the Debtor received goods she has purchased in the ordinary course of business within 20 days before the Petition Date, the value of the goods received is an Administrative Expense.

The following chart lists the Debtor's estimated Administrative Expenses (excluding fees and expenses owed to professionals retained by the Debtor during the course of her bankruptcy proceedings), and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of business after the Petition Date | None | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| Administrative Tax Claim | None | Paid in full on the Effective Date or according to separate written agreement. |
| The value of goods received in the ordinary course of business within 20 days before the Petition Date | None | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| Clerk's Office fees | None | Paid in full on the Effective Date. |
| Other Administrative Expenses | None | Paid in full on the Effective Date or according to separate written agreement. |
| United States Trustee Fees[1] | At most 1000.00 | Paid in full on the Effective Date. |
| **TOTAL** | 1000.00 | |

---

[1]      All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code.  Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

3.      Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 cases.  These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment.

The following chart lists the Debtor's estimated fees and expenses owed to professionals, and their proposed treatment under the Plan:

| Name/Role of Professional | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Law Offices of Scott J Goldstein, LLC | Unknown | Paid in full on the Effective Date, or according to the terms of the obligation, if later. Counsel will file a final fee application and the debtor's will arrange payment |
| Craig Schwartz, CPA | Unknown | Paid in full on the Effective Date or according to separate written agreement. |
| TOTAL | | |

B.      Priority Tax Claims.

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid [with interest as determined by applicable non-bankruptcy law] over a period not exceeding 5 years from the order of relief.

Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

| Name of Taxing Authority and Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Internal Revenue | $7423.00 | 2016 | Pmt Interval = Monthly payment = $123.88 Begin Date = Confirmation End Date = Interest Rate % = 4% Total Payment = $7,719.92 |

**2.2.    Classes of Claims.**

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

A.    Classes of Secured Claims.

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under § 506 of the Code. If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim; provided, however, that the Debtor may not modify a claim secured by a security interest in real property that is his or her principal residence.

Secured Claims are subject to the following treatment [include all that apply to specific secured claims identified on the chart below]:

1.    **Collateral to be Surrendered**: The Debtor will surrender the collateral securing the Secured Creditor's Claim on the Effective Date of the Plan. The Confirmation Order shall constitute an order granting relief from the automatic stay permitting the Secured Creditor to possess and dispose of their collateral. Any secured claim is deemed satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim. A Class of secured claims receiving this treatment is not impaired and is not entitled to vote on confirmation of the Plan.

2.    **Rights Unaltered:** The Debtor will leave unaltered the Secured Creditor's contractual, legal, and equitable rights with respect to its collateral. A Class of secured claims receiving this treatment is unimpaired and is not entitled to vote on confirmation of the Plan.

3.    **Pay Amount Due in Full Over Time:** The Debtor will pay the entire amount due with interest through equal monthly payments. Secured Creditors in a Class receiving this treatment may not possess or dispose of their collateral so long as the Debtor is not in material default in performing their obligations under the Plan. A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

4.    **Pay Value of Collateral Over Time:** The Debtor will pay the amount of the underlying debt that is equal to the value of the collateral. The Debtor will pay this amount with interest from the Effective Debt of the plan through equal monthly payments.

If a lienholder disputes the value of the collateral asserted by the Debtor, such lienholder must timely file an objection to confirmation, or the value stated by the Debtor will be determined to be the value of the collateral. Such objection shall be accompanied by competent evidence of value, which need not include an appraisal. If the value of the collateral is disputed, the Bankruptcy Court, after consultation with the parties, will schedule a hearing for a determination of value of the collateral.

Secured Creditors in a Class receiving this treatment may not possess or dispose of their collateral so long as the Debtor is not in material default in performing [his/her] obligations

under the Plan.  A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

5.    **Other**

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1 | *Secured claim of*: Name =Ocwen Loan Servicing<br>Collateral description = 376 Avon Avenue (Stay relief granted)<br><br>Allowed Secured Amount = $ 0.00<br><br>Priority of lien = Principal owed = $ 0.00<br><br>Pre-pet. arrearage = $_____ Total claim = $_____ | No | Unimpaired | Surrendering all collateral under this claim |
| 2 | *Secured claim of*: Name = Ditech Financial, LLC<br><br>Collateral description = 884 Sanford Avenue, Irvington, NJ<br><br>Allowed Secured Amount = $ 0.00<br><br>Priority of lien = 1 Principal owed = $ 0.00<br><br>Pre-pet. arrearage = $_____ Total claim = | No | Unimpaired | Debtor will maintain payments on this obligation under the terms of the note and mortgage and any modifications thereof |

| 3 | *Secured claim of*:<br>Name =Newark tax department<br>Collateral description =290 Lyons Ave, Newark, NJ<br><br>Allowed Secured Amount =<br>$ 130,986.92<br><br>Priority of lien =1<br><br>Principal owed =<br>$ 130,986.92<br><br>Pre-pet. arrearage =<br>$ 130,986.92<br><br>Total claim =<br><br>$ 130,986.92 | No | Impaired | Debtor to pay arrears and amount due in full over time as follows:<br><br>Monthly Pmt   =2,200.00<br>Pmts Begin    = 30 days after effective date<br><br>Pmts End      = after 60 payments<br><br>Interest rate 0 |

| | | | | |
|---|---|---|---|---|
| 4 | *Secured claim of*:<br>Name = Shellpoint Mortgage<br><br>Collateral description = 280-282 Clinton Place, Newark NJ<br><br>Allowed Secured Amount = $ 110,000<br><br>Priority of lien =1<br><br>Principal owed = $ 270,763.16<br><br>Pre-pet. arrearage = $ 24530.50<br><br>Total claim = <br><br>$ 270,763.16 | No | Impaired | Debtor to pay value of collateral in full over time as follows:<br><br>Monthly Pmt   =$2,103.26<br><br>Pmts Begin     = on effective date<br><br>Pmts End       = after 360 payments<br><br>Interest rate 5% |
| 4 | *Secured claim of*:<br>Name = Ocwen Loan Servicing<br><br>Collateral description = 298-300 Clinton Place, Newark NJ<br><br>Allowed Secured Amount = $    91,000<br><br>Priority of lien =1<br><br>Principal owed = $ 272,783077<br><br>Pre-pet. arrearage = $ 14,664.75<br><br>Total claim = <br><br>$ 270,763.16 | No | Impaired | Debtor to pay value of collateral in full over time as follows:<br><br>Monthly Pmt   =$1466.64<br><br>Pmts Begin     = on effective date<br><br>Pmts End       = after 360 payments<br><br>Interest rate 5% |

| 45 | *Secured claim of*:<br>Name = Bayview Financial Inc.<br><br>Collateral description = 889 Sanford Avenue, Irvington, NJ<br><br>Allowed Secured Amount = $ 81,000<br><br>Priority of lien =1<br>Principal owed = $ 178,294.06<br>Pre-pet. arrearage = $ 20,695.20<br>Total claim = $ 178,294.06 | No | Impaired | Debtor to pay value of collateral in full over time as follows:<br><br>Monthly Pmt = $1934.83<br><br>Pmts Begin = on effective date<br>Pmts End = after 360 payments<br>Interest rate 5% |

B.      Classes of Priority Unsecured Claims.

Certain priority Claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment.

The following chart lists all classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 1 | Priority unsecured claim pursuant to Section 11 U.S.C. 3506(2)<br>Total amt of claims = $7432.80 | Unimpaired | Pay in full over 60 months |
| | Priority unsecured claim pursuant to Section [insert]<br>Total amt of claims = $ | [State whether impaired or unimpaired] | |

C.      Class[es]of General Unsecured Claims

General unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. [

| The following | Description | Impairment | Treatment |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | |
| | General Unsecured Class | Impaired | Monthly Pmt          =<br>Pmts Begin           =<br>Pmts End             =<br>[Balloon pmt]        = Interest rate %<br>from [date]          =0.00<br>Estimated            =0.00<br>percent of claim paid |

### 2.3.    Estimated Number and Amount of Claims Objections.

The Debtor may object to the amount or validity of any Claim by filing an objection with the Bankruptcy Court before the later of (i) 90 days after the Confirmation Date, or (ii) 30 days after the Claim is properly filed, and serving a copy of the objection on the holder of the Claim. Any Claim that is timely filed and not objected to in accordance with this Section 2.3 shall be deemed allowed. The Claim objected to will be treated as a Disputed Claim under the Plan. If a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance with the Plan.

| Class | Number of Claims Objected To | Amount of Claims Objected To |
|---|---|---|
| | | |
| | | |

### 2.4.    Treatment of Executory Contracts and Unexpired Leases.

Executory Contracts are contracts where significant performance of the contract remains  for both the Debtor and another party to the contract.  The Debtor has the right to reject, assume  (i.e. accept), or assume and assign these types of contracts to another party, subject to the  Bankruptcy Court's approval.  The paragraphs below explain the Debtor's intentions regarding [his/her] Executory Contracts (which includes its unexpired leases) and the impact such  intentions would have on the other parties to the contracts.

Check all that apply:

[X]  Assumption of Executory Contracts.

The Executory Contracts shown on Exhibit E shall be assumed by the Debtor. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any.  Exhibit      also lists how the Debtor will cure and compensate the  other party to such contract or lease for any such defaults.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of future performance, you must file

and serve your objection to the assumption within the deadline for objecting to the confirmation of the Plan, unless the Bankruptcy Court has set an earlier time.

OR

[ ] Assumption and Assignment of Executory Contracts and Unexpired Leases.

The Executory Contracts shown on Exhibit____shall be assumed by the Debtor and assigned to the party listed in that Exhibit.  Assumption and assignment by the Debtor means that the Debtor will undertake the obligations under such contracts and unexpired leases, will cure defaults of the type that must be cured under the Bankruptcy Code, if any, and will assign the contract to the party listed.

If you object to the assumption and assignment of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of future performance, you must file and serve your objection to the assumption and assignment within the deadline for objecting to the confirmation of the Plan, unless the Bankruptcy Court has set an earlier time.

OR

[ ] Rejection of Executory Contracts and Unexpired Leases.

The Executory Contracts shown on Exhibit      shall be rejected by the Debtor.

Further, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly shown on Exhibit    , or not assumed before the date of the order confirming the Plan.

Rejection means that the Debtor has elected not to continue to perform the obligations under such contracts or leases.  If the Debtor has elected to reject a contract or lease, the other party to the contract or lease will be treated as an Unsecured Creditor holding a Claim that arose before the bankruptcy was filed.

**2.5.**    **<u>Means for Implementation of the Plan.</u>**

The debtor has been making pre-confirmation adequate protection payments and mortgage payments, which are equal to that under the plan except as to the City of Newark.  The City of Newark's payment will be made from the debtor's post-confirmation income, which is adequate, per the attached schedules I/J to fund those payments,

On Confirmation of the Plan, all property of the Debtor, tangible and intangible, including, without limitation, licenses, furniture, fixtures and equipment, will revert, free and  clear of all Claims and Equitable Interests except as provided in the Plan, to the Debtor.  The Debtor expects to have sufficient cash on hand to make the payments required on the Effective  Date.

As provided in Paragraph 2.1 of this Combined Plan and Disclosure Statement, all United States Trustee Fees accrued prior to the Effective Date shall be paid in full, on or before the Effective Date, by the Debtor. All United States Trustee Fees which accrue post-Effective Date

16

shall be paid in full on a timely basis by the Debtor prior to the Debtor's case being closed, converted or dismissed.

The Debtor believes that they will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date.  Tables showing the amount of cash on hand on the Effective Date of the Plan, and the sources of that cash, are attached hereto as Exhibit_____.

Overall, the Plan will be funded through (check each box that applies):  [  ]  $_____of Cash

available on the date of the Plan confirmation hearing;  [  ]  A sale of the following property

(describe):

_____

_____                ,

described in the Plan, which the Debtor estimates will produce $_____        ;

[X]  additional cash from projected disposable income (projected to be  $_____/month for the 5 year(s) following confirmation); and/or

____

[  ] other sources of funding, as follows:

_____

_____

**2.6.    <u>Disbursing Agent.</u>**

Distributions to Creditors provided for in this Plan will be made by the debtors.

**2.7    <u>Tax Consequences of Plan</u>**

***Creditors Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.***

The following are the anticipated tax consequences of the Plan:

(1) Tax consequences to the Debtor of the Plan – none anticipated
(2) General tax consequences on Creditors of any discharge – none anticipated
(3), General tax consequences of receipt of Plan consideration after Confirmation.- these will likely be ordinary income to the extent of receipt.

**2.8.    <u>Risk Factors/Mitigating Factors.</u>**

None

## ARTICLE 3 <u>FEASIBILITY OF PLAN.</u>

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, unless such liquidation or reorganization is proposed in the Plan.

**3.1.    <u>Ability to Initially Fund Plan</u>.**

The Plan Proponent believes that the Debtor will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date.  Tables showing the amount of cash on hand on the Effective Date of the Plan, the sources of that cash, and the amount of cash needed on the Effective Date of the Plan, are attached hereto as Exhibit__.

**3.2.    <u>Ability to Make Future Plan Payments Without Further Reorganization</u>.**

The Plan Proponent must also show that there will be enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponent has provided projected financial information. Those projections are listed in Exhibit_____.

The Plan Proponent's financial projections show the following financial circumstances after confirmation:

| Debtor's Projected Net Monthly Income | | 13687.00 |
| Debtor's Projected Monthly Expenses | | 5205.00 |
| Net Monthly Income Available for Plan Payments | | 8482.00 |

**PLAN PAYMENTS**

| | Time period | |
| --- | --- | --- |
| To secured creditors | Monthly | 5866.00 |
| To Priority Creditors | Monthly | 123.88 |
| To general unsecured creditors | Monhtly | 0.00 |

_____

Anticipated date for final Plan Payment – 360 months from confirmation and the effective date.

**You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.**

### ARTICLE 4 <u>LIQUIDATION VALUATION.</u>

To confirm the Plan, the Bankruptcy Court must find that all Creditors who do not accept the Plan will receive at least as much under the Plan as such Creditors would receive in a Chapter 7 liquidation.  A liquidation analysis is attached hereto as Exhibit  F.

### ARTICLE 5 <u>DISCHARGE.</u>

**5.1.    <u>Discharge.</u>**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### ARTICLE 6 <u>GENERAL PROVISIONS.</u>

**6.1.    <u>Title to Assets.</u>**

Except as otherwise provided in the Plan or in the order confirming the Plan, (i) confirmation of the Plan vests all of the property of the estate in the Debtor, and (ii) after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims of Creditors of the Debtor.

**6.2.    <u>Binding Effect.</u>**

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of  such entity.

**6.3.**    **Severability.**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**6.4.**    **Retention of Jurisdiction by the Bankruptcy Court.**

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under section 1127; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

**6.5.**    **Captions.**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**6.6.**    **Modification of Plan.**

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on the Plan.

Upon request of the Debtor, the United States Trustee, or the holder of an Allowed Unsecured Claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a Creditor whose Claim is provided for by the Plan to the extent necessary to take account of any payment of the Claim made other than under the Plan.

**6.7.**    **Final Decree.**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

**6.8.**    **Material Default Defined.**

If the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected Creditor may serve upon the Debtor and the Debtor's attorney (if any) a written notice of default.  The Debtor is in material default under the Plan if the Debtor fails within 21 days of service of such notice of default, plus three additional days if served by mail, either: (i) to cure the default; or (ii) to obtain from the Bankruptcy Court an extension of time to cure the default or a

determination that no default occurred.

## ARTICLE 7 <u>ATTACHMENTS.</u>

The following documents accompany the Combined Plan and Disclosure Statement [check those applicable, and list any other attachments here]:

[X]    Debtor's Assets at Fair Market Value, annexed as Exhibit <u>A</u>. [ ] [X]        Debtor's Liabilities, annexed as Exhibit <u>B</u>.

[X]    Debtor's financial projections over the course of the plan, annexed as Exhibit <u>C</u>.

[ ]    Debtor's most recent financial statements issued before bankruptcy, annexed as Exhibit <u>  </u>.

[X]    Debtor's most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case, annexed as Exhibit D

[ ]    Summary of the Debtor's periodic operating reports filed since the commencement of the Debtor's bankruptcy case, annexed as Exhibit<u>    </u>.

[X]    Executory Contracts and Unexpired Leases, to be Assumed annexed as Exhibit <u>E</u>.

[ ]    Executory Contracts and Unexpired Leases to be Assumed and Assigned, annexed as Exhibit<u>    </u>.

[ ]    Executory Contracts and Unexpired Leases to be Rejected, annexed as Exhibit <u>   </u>.

[ ]    Tables showing the amount of cash on hand as of the Effective Date, and the sources of that cash, annexed as Exhibit<u>    </u>.

[X]    Liquidation Analysis, annexed as Exhibit <u>F</u>. [ ] Up-to-date Schedule I.

[X]    Up-to-date Schedule J.

## ARTICLE 8 <u>FREQUENTLY ASKED QUESTIONS.</u>

**What Is the [DEBTOR] Attempting to Do in Chapter 11?**  Chapter 11 is the principal reorganization chapter of the Bankruptcy Code.  Under Chapter 11, a debtor attempts to restructure the claims held against him/her.  Formulation and confirmation of a plan of reorganization is the primary goal of Chapter 11.  When reorganization is not feasible, however,

18

a debtor may propose a liquidating plan under Chapter 11.  The plan is the legal document which sets forth the manner and the means by which holders of claims against a debtor will be treated.

**If the Plan of Reorganization [or Liquidation] Is the Document That Governs How a Claim Will Be Treated, Why Am I Receiving This Combined Plan and Disclosure Statement?**  In order to confirm a plan of reorganization [or liquidation], the Bankruptcy Code requires that a debtor solicit acceptances of a proposed plan, which he/she is doing with this Combined Plan and Disclosure Statement.  If the creditors are satisfied with the information provided in the Plan and the terms of the Plan as proposed, and have voted for the Plan and returned the requisite number of ballots to counsel for the Debtor, the Bankruptcy Court may confirm the Plan as proposed by the Debtor.

**How Do I Determine Which Class I Am In?**  To determine the class of your claim or interest, you must first determine whether your claim is secured or unsecured.  Your claim is secured if you have a validly perfected security interest in collateral owned by the Debtor.  If you do not have any collateral, your claim is unsecured.  The Table of Contents will direct you to the treatment provided to the class in which you are grouped.  The pertinent section of the Plan dealing with that class will explain, among other things, who is in that class, what is the size of the class, what you will receive if the Plan is confirmed, and when you will receive what the Plan has provided for you if the Plan is confirmed.  Section 2.2 lists all classes of claimants and their types of claims.

**Why Is Confirmation of a Plan of Reorganization Important?**  Confirmation of the Plan is necessary because if the Plan is confirmed, the Debtor and all of her creditors are bound by the terms of the Plan.  If the Plan is not confirmed, the Debtor may not pay creditors as proposed in the Plan while the Debtor remains in bankruptcy.

**What Is Necessary to Confirm a Plan of Reorganization [or Liquidation]?**  Confirmation of the Plan requires, among other things, the vote in favor of the Plan of two-thirds in total dollar amount and a majority in number of claims actually voting in each voting class.  If the vote is insufficient, the Bankruptcy Court can still confirm the Plan, but only if certain additional elements regarding the ultimate fairness of the Plan to the creditors are shown.

**Am I Entitled to Vote on the Plan?**  Any creditor of the Debtor whose claim is IMPAIRED under the Plan is entitled to vote, if either (i) the creditor's claim has been scheduled by the Debtor and such claim is not scheduled as disputed, contingent, or unliquidated, or (ii) the creditor has filed a proof of claim on or before the last date set by the Bankruptcy Court for such filings.  Any claim to which an objection has been filed (and such objection is still pending) is not entitled to vote, unless the Bankruptcy Court temporarily allows the creditor to vote upon the creditor's motion.  Such motion must be heard and determined by the Bankruptcy Court prior to the date established by the Bankruptcy Court to confirm the Plan.

**How Do I Determine Whether I Am in an Impaired Class?**  Section 2.2 of the Plan identifies the classes of creditors whose claims are impaired.  If your claim is impaired, your vote will be considered by the Bankruptcy Court.

**When Is the Deadline by Which I Need to Return My Ballot?**  The Plan is being distributed to all claim holders for their review, consideration and approval.  The deadline by

which ballots must be returned is_____.  Ballots should be mailed to the following address:  LAW OFFICES OF SCOTT J. GOLDSTEIN, LLC, 280 West Main Street, Denville, NJ 07834

> **How Do I Determine When and How Much I Will Be Paid?**  In  this Plan and Disclosure, the Debtor has provided both written and financial summaries of what it anticipates each  class of creditors will receive under the Plan.

## ARTICLE 9 **DEFINITIONS.**

**9.1.**    The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan.  The definitions that follow that are found in the Code are for convenience of reference only, and are superseded by the definitions found in the Code.

**9.2.**    **Administrative Claimant**: Any person entitled to payment of an Administration  Expense.

**9.3.**    **Administrative Convenience Class:**  A class consisting of every unsecured claim that is less than or reduced to an amount that the Bankruptcy Court approves as reasonable and necessary for administrative convenience.

**9.4.**    **Administrative Expense**: Any cost or expense of administration of the Chapter 11 case entitled to priority under Section 507(a)(2) of the Code and allowed under Section 503(b) of the Code, including without limitation, any actual and necessary expenses of preserving the Debtor's estate, any actual and necessary expenses incurred following the filing of the bankruptcy petition by the Debtor-in-Possession, allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtor under Chapter 123, Title 28, United States Code.

**9.5**    **Administrative Tax Claim**: Any tax incurred pursuant to Section 503(b)(1)(B) of the Code.

**9.6.**    **Allowed Claim**: Any claim against the Debtor pursuant to Section 502 of the Code to the extent that: (a) a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court or without objection by the Debtor, and (b) as to which either (i) a party in interest, including the Debtor, does not timely file an objection, or (ii) is allowed by a Final Order.

**9.7.**    **Allowed Priority Tax Claim**: A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.8.**    **Allowed Secured Claim**: Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code

**9.9.**    **Allowed Unsecured Claim**: An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.10.**    **Bankruptcy Code or Code**: The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

**9.11.**    **Bankruptcy Court**: The United States Bankruptcy Court for the District of New Jersey.

**9.12.**    **Bankruptcy Rules**:  The Federal Rules of Bankruptcy Procedure.

**9.13.**    **Cash**: Cash, cash equivalents and other readily marketable securities or instruments  issued by a person other than the Debtor, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

**9.14.**    **Chapter 11 Case**: This case under chapter 11 of the Bankruptcy Code in which [DEBTOR] is the Debtor-in-Possession.

**9.15**    **Claim**: Any "right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5).

**9.16.**    **Class**: A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

**9.17.**    **Committee**: Any Committee of Creditors appointed by the United States Trustee in the chapter 11 case pursuant to Section 1102 of the Bankruptcy Code.

**9.18.**    **Confirmation**: The entry by the Bankruptcy Court of an order confirming this Combined Plan and Disclosure Statement.

**9.19.**    **Confirmation Date**: The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the  entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**9.20.**    **Confirmation Hearing**: The hearing to be held on _____, 2018   to consider confirmation  of the Plan.

**9.21.    Confirmation Order**: An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

**9.22.    Creditor**: Any person who has a Claim against the Debtor that arose on or before the Petition Date.

**9.23.    Debtor** and **Debtor-in-Possession**: Barbara Lucas, the debtor-in-possession in this Chapter 11 Case.

**9.24.    Disclosure Statement:**  The Disclosure Statement served by the Plan Proponent in connection with this Plan.

**9.25.    Disputed Claim:** Any claim against the Debtor pursuant to Section 502 of the Code that the Debtor has in any way objected to, challenged or otherwise disputed.

**9.26.    Distributions**: The property required by the Plan to be distributed to the holders of Allowed Claims.

**9.27.    Effective Date**: The date on which this Plan becomes finally confirmed.

**9.28.    Executory Contracts**: All unexpired leases and executory contracts as described in Section 365 of the Bankruptcy Code.

**9.29.    Final Order**: An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

**9.30.    IRC**: The Internal Revenue Code

**9.31.    Petition Date**: November 28, 2016, the date the chapter 11 petition for relief was filed.

**9.32.    Plan**: This Combined Plan and Disclosure Statement, either in its present form or as  it may be altered, amended, or modified from time to time.

**9.33.    Plan Proponent**: The individual or entity that has filed this Combined Plan and Disclosure Statement.

**9.34.    Priority Tax Claim**: Any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

**9.35.    Reorganized Debtor**: The Debtor after the Effective Date.

**9.36.    Schedules**: Schedules and Statement of Financial Affairs, as amended, filed by the Debtor with the Bankruptcy Court listing liabilities and assets.

**9.37.    Secured Creditor**: Any Creditor that holds a Claim that is secured by property of the Debtor.

**9.38.  Unsecured Creditor**: Any Creditor that holds a Claim in the Chapter 11 case which is not a secured Claim.

Respectfully submitted,

By: /s/Scott J. Goldstein (016472004) Scott J Goldstein

23

EXHIBIT ___

**Cash on hand on the Effective Date**

Cash on hand on the Effective Date:                              $ _____

Less –

    Amount of Administrative Expenses payable
    on effective date of Plan                                $ _____

    Amount of statutory costs and charges                    $ _____

    Amount of cure payments for executory contracts          $ _____

    Other Plan Payments due on Effective Date                $ _____

        Balance after paying these amounts……..    $ _____

The sources of the cash the Debtor will have on hand by the Effective Date are estimated as follows:

    $          Cash in the Debtor's bank account now

    +          Additional cash Debtor will accumulate from
               net earnings between now and Effective Date [state the basis for such projections]

    +          Borrowing [state separately terms of repayment]

    +          Other

    $          Total [this number should match "cash on hand" figure noted above]

24

EXHIBIT ____

## Liquidation Analysis

*Plan Proponent's Estimated Liquidation Value of Assets*

**Assets**
a. Cash on hand                                                    $
b. Accounts receivable                                             $
c. Insurance                                                       $
d. Furniture                                                       $
e. Machinery & equipment                                           $
f. Automobiles                                                     $
g. Building & Land                                                 $
h. Investment property (such as stocks, bonds or other            $ financial assets)
i. Lawsuits or other claims against third-parties                 $
j. Other intangibles (such as avoiding powers actions)            $

      *Total Assets at Liquidation Value*          $

**Less:**
Secured Creditors' recoveries                                     $
**Less:**
Chapter 7 trustee fees and expenses                               $
**Less:**
Chapter 11 Administrative Expenses                                $
**Less:**
Priority claims, excluding Administrative Expense claims          $ **[Less:**
Debtor's claimed exemptions]                                      $

  (1) Balance for unsecured claims                       $

  (2) Total dollar amount of unsecured claims            $

*Percentage of Claims Which Unsecured Creditors Would*            ____% [Divide (1) by (2)]
*Receive Or Retain in a Chapter 7 Liquidation:*

*Percentage of Claims Which Unsecured Creditors Will*             ____%
*Receive or Retain under the Plan:*

25