**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)

**LAW OFFICES OF SCOTT J. GOLDSTEIN, LLC**
280 West Main Street
Denville, NJ 07834
Telephone:  973-453-2839
Fax:  973-453-2869
Scott J. Goldstein, Esq. (016472004)
*Attorney for James and Barbara Lucas*
Chapter 11 Debtor and Debtor in Possession

Laura M. Egerman, Esq. (LE-8250)

| | |
|---|---|
| In Re: | Case No.:  16-32586 |
| **JAMES AND BARBARA LUCAS,** | Chapter 11 |
| Chapter 11 Debtors and Debtors in Possession. | Hon:  Vincent F. Papalia |
| | Hearing Date:  December 12, 2019, 11:00 a.m. |

Order Filed on June 18, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**AMENDED ORDER CONFIRMING PLAN OF REORGANIZATION FILED
ON BEHALF OF JAMES AND BARBARA LUCAS
CHAPTER 11 DEBTORS AND DEBTORS IN POSSESSION**

The relief set forth on the following pages, numbered two (2) through eleven (11) is hereby **ORDERED**.

**DATED: June 18, 2020**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

**Page 2**
Debtor: JAMES LUCAS and BARBARA LUCAS
Case No.: 16-32586
Caption of Order: **AMENDED ORDER CONFIRMING PLAN OF REORGANIZATION FILED BY JAMES LUCAS AND BARBARA LUCAS, CHAPTER 11 DEBTOR AND DEBTOR IN POSSESSION**

THIS MATTER having been opened to the Court by the filing by the Debtors and Debtors-in-Possession, **JAMES AND BARBARA LUCAS**, of a Chapter 11 Plan and Disclosure Statement on November 26, 2019 ("Plan")(Docket No. 117-118) under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and the Disclosure Statement having been conditionally approved by Order of this Court dated December 4, 2018 (Docket No. 125); and due notice of the Confirmation Hearing having been given by mail to all known or reasonable ascertainable holders of Claims and Interests having been made in the manner required by this Court and by applicable law; and a Certification of Balloting having been filed on December 10, 2019 and the claims of all objecting creditors having been resolved and upon the hearing of matters concerning confirmation before this Court on December 12, 2019, and upon the arguments of counsel, Scott J. Goldstein, Esq., appearing and evidence presented, including the Certification of James and Barbara Lucas pursuant to 11 U.S.C. §1129 (Docket No. 167), on the tabulation of ballots case in favor and in opposition to the Confirmation of the Plan (the "Ballots"), and objections to confirmation (if any) having been overruled as set forth on the record and after due deliberation, and good and sufficient cause having been shown:

**Page 3**
Debtor: JAMES LUCAS and BARBARA LUCAS
Case No.: 16-32586
Caption of Order: **AMENDED ORDER CONFIRMING PLAN OF REORGANIZATION FILED BY JAMES LUCAS AND BARBARA LUCAS, CHAPTER 11 DEBTOR AND DEBTOR IN POSSESSION**

IT IS ON THIS _____ DAY OF _____, 2020

**ORDERED** that:

1.     The Plan complies with the applicable provisions of the Bankruptcy Code.

2.     The Proponent has complied with all applicable provisions of the Bankruptcy Code.

3.     The classification of Claims and Interests under the Plan is consistent with 11 U.S.C. §1122 of the Bankruptcy Code.

4.     The Plan specifies the cases of Claims or Interests not impaired under the Plan.

5.     The Plan specifies the classes of Claims or Interests impaired under the Plan and specifies the treatment of Claims or Interests in such classes.

6.     The Plan provides the same treatment for each Claim or Interest of a particular class

7.     The Plan provides for adequate means for the execution and implementation of the Plan.

8.     The Plan has been proposed in good faith and not by any means forbidden by law.

9.     Any payments made or promised by the Debtors or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses or in connection with this Chapter 11 case, or in connection with the Plan and incident to this case, have disclosed to and approved by this Court, as being reasonable or, if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable.

10.     The Proponent of the Plan has disclosed the identity of any insider that will be employed by the Reorganized Debtors (the "Reorganized Debtors"), and the nature of any compensation for such insider.

**Page 4**
Debtor: JAMES LUCAS and BARBARA LUCAS
Case No.: 16-32586
Caption of Order: **AMENDED ORDER CONFIRMING PLAN OF REORGANIZATION FILED BY JAMES LUCAS AND BARBARA LUCAS, CHAPTER 11 DEBTOR AND DEBTOR IN POSSESSION**

11.    After Confirmation of the Plan, the Debtors shall serve as disbursing agent and has agreed to perform all the duties of a disbursing agent under the Plan and consented to the jurisdiction of this court in respect of all matters relating to the performance of such duties.

12.    The procedures by which Ballots were distributed and tabulated were fair, properly conducted, and complies with the applicable rules of this Court.

13.    With respect to each class of Claims or Interests under the Plan, each class either is unimpaired under the Plan or has duly accepted the Plan, or has been deemed to have accepted the Plan.

14.    The treatment of Claims under the Plan of the type specified in 11 U.S.C. §507(a) of the Bankruptcy Code complies with the provisions of 11 U.S.C. §1129(a)(9)(A) of the Bankruptcy Code.

15.    With respect to those impaired classes of Claims under the Plan, at least one (1) impaired class of Claims has accepted the Plan, determined without including any acceptance of the Plan by an insider.

16.    The Plan is feasible.  The Debtors have demonstrated their ability to meet their financial obligations under the Plan.  Confirmation and consummation of the Plan are not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors or the Reorganized Debtors.

17.    All fees payable under 28 U.S.C. §1930 of title 11 of the United States Code have been paid or the Plan provides for the payment of such fees on the Effective Date.

18.    There is no need for approval of rate changes by any governmental unit.

19.    Based upon the liquidation analysis annexed to the Disclosure Statement, creditors will receive no less under the Plan than they would under a liquidation scenario.

20.    The service of notice of the Confirmation Hearing and the solicitation of acceptances and rejections to the Plan were appropriate and satisfactory based upon the

**Page 5**
Debtor: JAMES LUCAS and BARBARA LUCAS
Case No.: 16-32586
Caption of Order: **AMENDED ORDER CONFIRMING PLAN OF REORGANIZATION FILED BY JAMES LUCAS AND BARBARA LUCAS, CHAPTER 11 DEBTOR AND DEBTOR IN POSSESSION**

circumstances of the Debtors' Chapter 11 case and are in compliance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

21.     Except as otherwise provided for in the Plan, the Debtors and the Reorganized Debtors retain the right to object to Claims after the Confirmation Date in accordance with the Plan.

22.     Pursuant to the Plan, the Reorganized Debtors will retain and have the exclusive rights to continue, initiate or pursue all causes of actions, claims and rights of the Debtors or the Reorganized Debtors, other than those released or compromised as part of or pursuant to the Plan.

Based upon the above-referenced findings of fact' and good and sufficient cause appearing therefor:

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT**:

A.     Any and all objections to confirmation of the Plan, shall be, and are hereby overruled in their entirety.

B.     The Plan annexed hereto as Exhibit A is hereby confirmed.

C.     The Debtors and, after the Effective Date, the Reorganized Debtors are hereby authorized and empowered to issue, execute, deliver, file or record any document, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, including, without limitation, any release, settlement agreement, loan document, whether or not specifically referred to in the Plan and without further application to or Order of this Court.

D.     The Reorganized Debtors are hereby approved as Disbursing Agent under the Plan.

E.     The Plan and its provisions shall be binding upon the Debtors, the Reorganized Debtors, any entity acquiring property under the Plan, the holders of Claims against or Interest in the Debtors, whether or not the Claims or Interests of such creditors or interest holders or obligations or any parties-in-interest are impaired under the Plan and whether or not such

**Page 6**
Debtor: JAMES LUCAS and BARBARA LUCAS
Case No.: 16-32586
Caption of Order: **AMENDED ORDER CONFIRMING PLAN OF REORGANIZATION FILED BY JAMES LUCAS AND BARBARA LUCAS, CHAPTER 11 DEBTOR AND DEBTOR IN POSSESSION**

creditors, interest holders or parties-in-interest have voted, or are deemed to have voted, for or against the Plan.

F.      The Debtors and Reorganized Debtors shall be and are hereby authorized, and empowered to take any action to execute, deliver and file in all courts all documents and instruments necessary or appropriate to enforce all causes of action, claims and rights of the Debtors or the Reorganized Debtors.

G.      Each holder of an Administrative Claim shall be paid in accordance with the Plan or the agreement reached between parties.

H.      Class 1 (US Bank, NA) is impaired.  The treatment of US Bank, NA's Class 1 Claim shall be as follows:

a.  US Bank's claim is fixed at $485,183.11.

b.  Beginning on the Effective Date, the Reorganized Debtors shall pay to US Bank, N.A. through its servicer, Nationstar Mortgage, LLC (or such other servicer as may be designated from time to time) the sum of $2458.35, of which $2458.35 shall be deemed applied to principal and interest, with an additional amount to be determined to be applied to escrow advances.

c.  The escrowed amount may change over time due to increases or decreases in the amounts required to be escrowed.

d.  This payment shall be in effect for 360 payments.

e.  If the Debtors fail to make any monthly payment from within 30 days of its due date, US Bank, NA or its servicer may apply to reopen the within Case to move for relief from stay.  If relief is grated, the cram down above and the entirety of US Bank's claim shall be deemed due and owing.

f.  Upon receipt of the 360th payment as set forth above, US Bank, NA or its servicer shall cause the promissory note evidencing Debtors' indebtedness to US Bank to be marked satisfied; (y) will cause the mortgage related indebtedness to be

**Page 7**
Debtor: JAMES LUCAS and BARBARA LUCAS
Case No.: 16-32586
Caption of Order: **AMENDED ORDER CONFIRMING PLAN OF REORGANIZATION FILED BY JAMES LUCAS AND BARBARA LUCAS, CHAPTER 11 DEBTOR AND DEBTOR IN POSSESSION**

released; and (z) will cause the pending foreclosure action pending in New Jersey to be dismissed with prejudice.

g.  The terms of this Plan shall be fully enforceable by US Bank, NA and its respective successors and assigns.

I.  Class 2b, The Bank of New York Mellon f/k/a The Bank of New York as Successor Trustee for JPMorgan Chase Bank, N.A., as Trustee for the Benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates 2006-C ("BONY") is impaired.  The treatment of BONY's Class 2b Claim shall be as follows:

a.  BONY's secured claim is fixed at $175,665.89

b.  BONY's secured claim will accrue interest at the rate of 5.50%..

c.  Beginning on December 1, 2019, the Reorganized Debtors shall pay to BONY, through its servicer, PHH Mortgage Corporation (or such other servicer as may be designated from time to time) the sum of $997.41, of which $997.41 shall be deemed applied to principal and interest.

d.  Reorganized Debtors shall pay and maintain directly any tax imposed by local or state governments with respect to the property commonly known as 298-300 Clinton Place, Newark, New Jersey 07112 (the "Clinton Property"), and shall insure the Clinton Property as required by the loan documents.

e.  This payment shall be in effect for 360 payments.

f.  If the Debtors fail to make any monthly payment from within 30 days of its due date, BONY or its servicer may apply to reopen the within Case to move for relief from stay.  If relief is grated, the cram down above and the entirety of BONY's claim shall be deemed due and owing.

g.  Upon receipt of the 360th payment as set forth above, BONY or its servicer shall cause the promissory note evidencing Debtors' indebtedness to BONY to be marked satisfied; and will cause the mortgage related indebtedness to be released.

**Page 8**
Debtor: JAMES LUCAS and BARBARA LUCAS
Case No.: 16-32586
Caption of Order: **AMENDED ORDER CONFIRMING PLAN OF REORGANIZATION FILED BY JAMES
LUCAS AND BARBARA LUCAS, CHAPTER 11 DEBTOR AND DEBTOR IN POSSESSION**

      h.   The terms of this Plan shall be fully enforceable by BONY and its respective successors and assigns.

      J.     Class 3 (General Unsecured Claims) is unimpaired.  Class 3 claims will receive a one-hundred percent (100%) distribution to allowed general unsecured claims.

      K.     Except as otherwise provided in the Plan, the Debtors, the Debtors-in-Possession and the Debtors' Estate, and all Claims against or Interests in the Debtors, the Debtors-in-Possession and the Reorganized debtors (whether known or unknown) are hereby satisfied, discharged and released to the fullest extent permitted by law and pursuant to 11 U.S.C. §1141 of the Bankruptcy Code.

      L.     Except as otherwise provided in the Plan, any judgment at any time obtained to the extent that such judgment is a determination of the liabilities of the Debtors will respect to any debt or Claim discharged hereunder is rendered null and void, unless survival of such judgment is specifically provided for in the Plan.

      M.     Except as otherwise provided in the Plan, on the Effective Date, title to all assets and properties of the Estate shall automatically, and without the need to execute any additional documents, vest in the Reorganized Debtors in accordance with 11 U.S.C. §1141 of the Bankruptcy Code, free and clear of all Claim and Interests, including, without limitation, all construction liens, notices of intention, lien claims, stop notices, or other statutory liens filed against the Debtors or his properties.  Except as otherwise provided in the Plan, the Confirmation Order shall act to discharge and release all such statutory liens without the need for the Debtors or holders of the statutory lien to file any further documents.  The Confirmation Order may, but need not be filed in the appropriate recording offices as evidence of the Reorganized Debtors' ownership of all property of the Debtors' Estate.

      N.     Except as otherwise provided for in the Plan and Consent Order with US Bank, NA (Docket #48) and the Consent Order with BONY (Docket #157), all creditors and interest holders of the debtors or other entities whose Claims are discharged or whose Interests are terminated by the Plan and this Order are hereby jointly and severally restrained and enjoyed from:

**Page 9**
Debtor: JAMES LUCAS and BARBARA LUCAS
Case No.: 16-32586
Caption of Order: **AMENDED ORDER CONFIRMING PLAN OF REORGANIZATION FILED BY JAMES**
**LUCAS AND BARBARA LUCAS, CHAPTER 11 DEBTOR AND DEBTOR IN POSSESSION**

a. Commencing, conducting or continuing in any manner, directly or indirectly, any suit. Action or other proceeding (including without limitation any proceeding in a judicial, arbitrable, administrative or other forum) against or affecting the Debtors or the Reorganized Debtors, with respect to any property of any of the foregoing or any direct or indirect transferee of any property of, or direct or indirect successor in addition in interest to, any of the foregoing, any or all property of any such transferee or successor except as specifically authorized in the Plan;

b. Enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment, award, decree or other Order against the Debtors or the Reorganized Debtors, with respect to any property of any of the foregoing, or any property of any such transferee or successor except as specifically authorized under the Plan;

c. Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any liens or encumbrances against the Debtors or the Reorganized Debtors with respect to any property of any of the foregoing or any direct or indirect transferee, or the property of, or direct or indirect successor in interest to, any of the foregoing or any property of any such transferee or successor except as specifically authorized in the Plan;

d. Setting off, seeking reimbursement or contribution from or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to the Debtors or the Reorganized Debtors, or any direct or indirect transferee of any property of, or successor in interest to, ant of the foregoing except as specifically authorized in the Plan;

e. ~~Proceeding in any manner in any place with regard to liquidating any Claim n any forum other than the United States Bankruptcy Court for the District of New Jersey or if that Court does not have jurisdiction thereon, the United States District Court for the District of New Jersey, or in such forum deemed appropriate by the Reorganized Debtor;~~

**Page 10**
Debtor: JAMES LUCAS and BARBARA LUCAS
Case No.: 16-32586
Caption of Order: **AMENDED ORDER CONFIRMING PLAN OF REORGANIZATION FILED BY JAMES LUCAS AND BARBARA LUCAS, CHAPTER 11 DEBTOR AND DEBTOR IN POSSESSION**

    f.    Except as otherwise provided in the Plan, such persons are also hereby enjoined from seeking payment of any liquidated amounts and any assets of the Debtors or the Reorganized Debtors; or

    g.    Such Persons are also enjoined from seeking recovery of punitive damages from the Debtors or Reorganized Debtors or any insurance provider with respect to the insurance covering the Debtors or Reorganized Debtors, except as specifically authorized in the Plan.

O.    This case shall remain open until the estate is fully administered.

P.    The Court will retain jurisdiction as provided in Section 6.4 of the Plan.

LAW OFFICES OF SCOTT J. GOLDSTEIN, LLC
280 West Main Street
Denville, NJ 07834
Tel:  973-453-2838
Fax: 973-453-2869
Scott J. Goldstein (016472004)
*Attorneys for* Debtors

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| In Re: | Case No. 16-32586 |
| James Walter Lucas and Barbara Jean Lucas, | Chapter 11 |
| Chapter 11 Debtors | Hon. Vincent F. Papalia |

## FIFTH AMENDED CHAPTER 11 PLAN OF
## JAMES WALTER LUCAS AND BARBARA JEAN LUCAS

Debtor/Plan Proponent respectfully submits its Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code, in the form annexed hereto and made a part hereof.

**LAW OFFICES OF
SCOTT J. GOLDSTEIN, LLC**
*Attorneys for Debtors in Possession*

By:      /s/Scott J. Goldstein

**James Walter Lucas**

By:      /s/James Walter Lucas

**Barbara Jean Lucas**

By:      /s/Barbara Jean Lucas

Dated: November 26, 2018

# TABLE OF CONTENTS

**Page**

I.   Introduction ........................................................................................................................... 3

II.   Classification and Treatment of Claims ............................................................................... 3

   A.   General Overview ........................................................................................................ 3

   B.   Definitions .................................................................................................................... 3

   C.   Unclassified Claims ..................................................................................................... 7

      1.   Administrative Expenses and Fees ..................................................................... 7

      2.   Priority Tax Claims ........................................................................................... 7

   D.   Classified Claims and Interests .................................................................................... 7

      1.   Classes of Secured Claims ................................................................................. 7

      2.   Priority Non-Tax Claims ................................................................................. 10

      3.   Class of General Unsecured Claims ................................................................. 10

      4.   Class(es) of Equity Interest Holders ................................................................ 10

   E.   Acceptance or Rejection of Plan ................................................................................ 10

   F.   Means of Effectuating the Plan .................................................................................. 11

      1.   Funding for the Plan ........................................................................................ 11

      2.   Post-Confirmation Management ...................................................................... 11

      3.   Disbursing Agent ............................................................................................ 11

III.   TREATMENT OF MISCELLANEOUS ITEMS ............................................................. 11

   A.   Executory Contracts and Unexpired Leases ............................................................... 11

      1.   Assumptions .................................................................................................... 11

      2.   Rejections ........................................................................................................ 12

   B.   Changes in Rates Subject to Regulatory Commission Approval ................................. 12

   C.   Retention of Jurisdiction. ........................................................................................... 12

   D.   Procedures for Resolving Contested Claims. .............................................................. 12

   E.   Notices under the Plan ............................................................................................... 13

IV.   EFFECT OF CONFIRMATION OF PLAN ...................................................................... 13

   A.   Discharge ................................................................................................................... 13

   B.   Revesting of Property in the Debtor ........................................................................... 13

   C.   Modification of Plan .................................................................................................. 13

   D.   Post-Confirmation Conversion/Dismissal .................................................................. 14

   E.   Post-Confirmation Quarterly Fees ............................................................................. 14

## I.    Introduction

James Walter Lucas and Barbara Jean Lucas ("Debtors") are the debtors in a Chapter 11 bankruptcy case.  On  Noivember 28, 2016 the Debtors commenced a bankruptcy case by filing a voluntary Chapter 13 petition under the United States Bankruptcy Code ("Bankruptcy Code "), 11 U.S.C. § 101 et seq. The case was converted to Chapter 11 by order dated June 9, 2017

This document is the Chapter 11 plan ("Plan") proposed by James Walter Lucas and Barbara Jean Lucas("Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court"), and which is provided to help you understand the Plan.

This is a reorganizing and liquidating plan. In other words, the Proponent seeks to accomplish payments under the Plan by recasting certain secured obligations and reducing the secured amounts thereunder, "stripping" certain secured obligations down to the market value of the collateral, and reducing the interest rates to be paid to the secured creditors. The Effective Date of the proposed Plan is thirty (30) days after the date of the order confirming this Plan.

## II.    Classification and Treatment of Claims

### A.    General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive under the Plan.

### B.    Definitions

**Scope of Definitions**          For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1. **Administrative Expense**          shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan.

3

2. **Allowed** when used as an adjective preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order.  Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

3. **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507(a)(1) of the Bankruptcy Code.

4. **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5. **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

6. **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

7. **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

8. **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

9. **Chapter 11 Case** shall mean a case under Chapter 11 of the Bankruptcy Code in which James Walter Lucas and Barbara Jean Lucasis the Debtor.

10. **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in section 101(5) of the Bankruptcy Code.

4

11. **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

12. **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

13. **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

14. **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

15. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

16. **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

17. **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

18. **Debtor** shall mean James Walter Lucas and Barbara Jean Lucas.

19. **Disbursing Agent** shall mean the Debtor or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order.

20. **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor as required pursuant to Section 1125 et seq. of the Bankruptcy Code.

21. **Effective Date** shall mean the day on which the Confirmation Order becomes a Final Order.

22. **Equity Interest Holder** shall mean the holder of an equity interest in the Debtor.

23. **Equity Interest** shall mean any interest in the Debtor represented by stock, warrants, options, or other rights to purchase any shares of stock in the Debtor.

24. **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

25. **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable, or contractual

5

rights of the member of that class.

26. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

27. **Petition Date** shall mean the date on which the Debtor filed this petition for relief commencing the Chapter 11 Case.

28. **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

29. **Priority Non-Tax** Claim shall mean a Claim entitled to priority under sections 507(a)(2),(3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

30. **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

31. **Priority Tax Claim** shall mean any Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

32. **Proceedings** shall mean the Chapter 11 Case of the Debtor.

33. **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

34. **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

35. **Proponent** James Walter Lucas and Barbara Jean Lucas.

36. **Reorganized Debtor** means the Debtor after confirmation of the Plan.

37. **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

38. **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

6

39. **Other Definitions**, a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto, "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Moreover some terms defined herein are defined in the section in which they are used.

## C.    Unclassified Claims

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Proponent has <u>not</u> placed the following claims in a class.   The treatment of these claims is provided below.

### 1.    Administrative Expenses and Fees

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case.  The Code requires that all administrative expenses be paid on the Effective

Date of the Plan, unless a particular claimant agrees to a different treatment.

Court Approval of Professional Compensation and Expenses Required:

The Court must approve all professional compensation and expenses. Each professional person requesting compensation in the case pursuant to  Sections  327,  328,  330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90)days after the Confirmation Date. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

### 2.    Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires, and thus this Plan provides, that each holder of such a 507(a)(8) priority tax claim receives the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

The Internal Revenue Service has a priority claim for $15,001.11, which claim shall be paid in full by the debtor in sixty (60) equal payments

## D.    Classified Claims and Interests

### 1.    Classes of Secured Claims

Secured claims are claims secured by liens on property of the estate. The following represent all classes containing Debtor's secured pre-petition claims and their treatment under this

7

Plan:

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|----------------|-----------|
| 1 | Ditech Financial, LLC Acct # ending: 8859 Property address: 884 Sanford Avenue Irvington, NJ 07111 Valuation:  $87,500.00 Claim:  $320,679.11 (Claim No. 6) | N | N | • Payment as per current requirements will continue. |
| 2a | Bayview Loan Servicing, LLC Acct # ending: 9351 889 Sanford Avenue Irvington, NJ 07111 Valuation:$81,000.00 Claim:$178,294.06 (Claim No. 8) | N | Y | • Pymt Interval = every 30 days<br>• Pymt Amt/interval =$1934.83 as adjusted periodically for escrows.<br>• Begin Date= Effective date<br>• End Date=60 payments from Effective Date<br>• Interest Rate= 5%<br>• Total % Payout =45%<br>• Treatment of Lien= Bifurcated and crammed down into a secured claim of $81,000 to be paid over 60 payments at 5%<br>• There is no unsecured payment as the *in personam liability* was discharged in case no. 12-13360 |
| 2b | Ocwen Loan Servicing Acct # ending: 0801 298-300 Clinton Place Newark, NJ 07115 Valuation:$91,000.00 Claim:$ 272,783.77 | N | Y | • Pymt Interval = every 30 days<br>• Pymt Amt/interval =1466.64 as adjusted periodically for escrows.<br>• Begin Date= Effective date<br>• End Date=60 payments from Effective Date<br>• Interest Rate= 5%<br>• Total % Payout =33<br>• Treatment of Lien= |

| | | | | |
|---|---|---|---|---|
| | | | | Bifurcated and crammed down into a secured claim of $91,000 to be paid at a rate of 5% over 60 months.<br>• There is no unsecured payment as the *in personam liability* was discharged in case no. 12-13360 |
| 2c | Shellpoint Mortgage as servicer for Wilmington Savings Fund Society, FSB d/b/a Christiana Trust as trustee for NNPL Trust Series 2012-1 Acct # ending: 6231 280-282 Clinton Place Irvington, NJ 07112 Valuation:$110,000.00 Claim: $270,763.16 (Claim No. 4) | N | Y | • Pymt Interval = every 30 days.<br>• Pymt Amt/interval =2103.26 as adjusted periodically for escrows.<br>• Begin Date= Effective date<br>• End Date=60 payments from Effective Date<br>• Interest Rate= 5%<br>• Total % Payout =40<br>• Treatment of Lien= Bifurcated and crammed down into a secured claim of $110,000.00 to be paid at a rate of 5% over sixty (60) months<br>• There is no unsecured payment as the *in personam liability* was discharged in case no. 12-13360 |
| 3 | Ocwen  Loan Servicing Acct # ending: 5887 376 Avon Avenue Newark, NJ 07108 Valuation:  $87,900.00 Claim:  $365428.61 Claim No. 7 | N | Y | • Surrendered in full and final satisfaction<br>• There is no unsecured payment as the *in personam liability* was discharged in case no. 12-13360 |
| 4a | City of Newark 290 Lyons Avenue, Newark, NJ. | N | Y | • Payments of $2200 per month over 60 months |
| 4b | City of Newark 376 Avon Avenue Newark, NJ | N | Y | • Payments of $71 per month over 60 months |

**It should be noted that there will be no payment as to the undersecured portions of
any of these classes as all in personal liability was discharged in Case No. 12-13360**

    **2.**      **Priority Non-Tax Claims**

    Certain priority non-tax claims that are referred to in Code Sections 507(a)(3), (4), (5), (6),
and (7) are entitled to priority treatment.  These claims are to be treated as follows:

**THERE ARE NO NON-TAX PRIORITY CLAIMS**

    **3.**      **Class of General Unsecured Claims**

    General unsecured claims are unsecured claims not entitled to priority under Code

Section 507(a). These claims are to be treated as follows:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 5 | Citibank, NA<br>Talmadge Village, LLC<br>Credit One Bank, N.A. | Y | • These claimants will receive their pro-rata share of monthly payments of $100 beginning on the effective date, payable for 35 months.  Total is $3499.87 |

    **4.**      **Class(es) of Equity Interest Holders**

    THIS CLASS IS NOT APPLICABLE AS THERE ARE NO EQUITY INTEREST
HOLDERS

**E.**      **Acceptance or Rejection of Plan**

    Each impaired class of Creditors with claims against the Debtor's estate shall be entitled
to vote separately to accept or reject the Plan.  A class of Creditors shall have accepted the Plan if
the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half
in number of holders of the allowed Claims of such class that have accepted or rejected the Plan.
In the event that any impaired class of Creditors or Interest holders shall fail to accept the Plan in
accordance with Section 1129(a) of the Bankruptcy Code, the Proponent reserves the right to
request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the
Bankruptcy Code.

F.    **Means of Effectuating the Plan**

1.    **Funding for the Plan**

The Plan will be funded by the following: The debtors shall fund the plan from future earnings derived from the rents received on the various rental properties and the earnings of the debtors from work.

2.    **Post-Confirmation Management**

The following persons will be involved in the management of the affairs of the Debtor post-confirmation

NOT APPLICABLE AS THIS IS AN INDIVIDUALS CASE

To the extent that an individual shall require "management":

1.    Barbara and James Lucas

3.    **Disbursing Agent**

The debtors have not selected a disbursing agent. To the extent a disbursing agent is required, one shall be selected and The Disbursing Agent shall serve   without bond and shall receive NONE for distribution services rendered and expenses incurred pursuant to the Plan.

III.    **TREATMENT OF MISCELLANEOUS ITEMS**

A.    **Executory Contracts and Unexpired Leases**

1.    **Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan:

**NONE**

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the reorganized Debtor.  The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

**2.        Rejections**

On the Effective Date, all executory contracts not assumed shall be deemed to be rejected. The order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure Statement for the specific date.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS      NOT SET FORTH BECAUSE THERE ARE NO LEASES REJECTED OR CONTRACTS REJECTED HEREIN**
.
Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.        Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.        Retention of Jurisdiction.**

The Court shall retain jurisdiction of this  case  pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the reorganized debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

**D.        Procedures for Resolving Contested Claims.**

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the reorganized debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order. With respect to disputed Claims or interests, the Disbursing Agent will hold in a separate interest bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtor's schedules or the filed proof(s) of claim.

E.       **Notices under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponent, addressed to:

Scott J. Goldstein, Esq.
Law Offices of Scott J. Goldstein, LLC
280 West Main Street
Denville, NJ 07834

## IV.  EFFECT OF CONFIRMATION OF PLAN

A.       **Discharge**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If Confirmation of this Plan does not occur, the Plan shall be deemed null and void.  In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims against the Debtor or its estate or any other persons, or to prejudice in any manner the rights of the Debtor or its estate or any person in any further proceeding involving the Debtor or its estate. The provisions of this Plan shall be binding upon Debtor, all Creditors and all Equity Interest Holders, regardless of whether such Claims or Equity Interest Holders are impaired or whether such parties accept this Plan, upon Confirmation thereof.

B.       **Revesting of Property in the Debtor**

Except as provided in Section IV.D. hereinafter, and except as provided elsewhere in the

Plan, the Confirmation revests all of the property of the estate in the Debtor.

C.       **Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before Confirmation. However, the Court may require a new disclosure statement or revoting on the Plan if Proponent modifies the Plan before Confirmation.

The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed

13

modification after notice and a hearing.

**D.        Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing under the Plan.  If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

**E.        Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. Section 1930 (a)(6) continue to be payable to the office of the United States trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

**James Walter Lucas**


By:____/s/James Walter Lucas_____

**Barbara Jean Lucas**


By:____/s/ Barbara Jean Lucas_____


**LAW OFFICES OF
SCOTT J. GOLDSTEIN, LLC**
*Attorneys for Debtors in Possession*


By:____/s/Scott J. Goldstein_____

14